UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE VALVE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC BRASS SALES, INC., a California corporation; HAWK VALVE, INC., a Florida corporation; and DOES 2 through 200, inclusive,<br><br>Defendants. | Case No.: 17-cv-2582-AJB-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**<br><br>**(Doc. No. 28)** |

Before the Court is Plaintiff Dante Valve Company's motion for leave to file a Second Amended Complaint. (Doc. No. 28.) Defendants Republic Brass Sales, Inc. and Hawk Valve, Inc. filed separate oppositions to the SAC, to which Dante responded separately. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. Accordingly, the May 31, 2018 motion hearing date is **VACATED**. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

Dante manufactures and sells valves which are sold and used for various industrial and military applications. (Doc. No. 28 at 4.) Republic and Hawk refurbish, resell, and

1

17-cv-2582-AJB-WVG

distribute valves for the same purpose. (*Id.*) Authorized distributors are allowed to order and resell Dante's valves to third parties. (*Id.*) Neither Republic nor Hawk are or ever have been authorized distributors for Dante, but they have allegedly been selling counterfeit Dante valves by refurbishing them and characterizing them as brand-new. (*Id.*)

Dante alleges that its valves adhere to a high standard of reliability and continual performance. (Doc. No. 28 at 4–5.) Dante alleges that Republic's and Hawk's counterfeit valves do not comply with Dante's performance standards. (*Id.* at 5.) Dante also alleges that the counterfeit valves carry with them a high risk of property damage, serious bodily injury, and possibly death. (*Id.*) Dante is further worried the high failure rates of the counterfeit valves might damage Dante's reputation and brand value. (*Id.*)

Dante became aware of Republic and Hawk's business practices around May 2015 when Republic tried to sell a counterfeit valve to third-party BAE Systems, Inc. (*Id.*) According to Dante, "the valve Republic attempted to sell was approximately twenty-years old, was improperly refurbished by Hawk, and sold for a use for which the valve was never intended." (*Id.*) "The valve in question also included a counterfeit Dante tag, with fabricated information regarding the part number and the serial number of the valve." (*Id.*) Dante discovered the valve was a counterfeit product when BAE contacted Dante to ask questions relating to the specifications of the valve based on the information displayed on the fabricated tag. (*Id.*)

Soon after filing its complaint, Defendants filed motions to dismiss the initial complaint, in response to which Dante filed an amended complaint. (Doc. No. 28 at 4.) Dante wishes to file a Second Amended Complaint ("SAC") in order to clarify certain points, and allege sufficient facts regarding other acts of counterfeiting, its trademarks, and to establish scienter. (Doc. No. 33 at 8; Doc. No. 34 at 8.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs leave to amend prior to trial. A party may amend its pleading once as a matter of course within 21 days after serving it; or, if the pleading is one requiring a response, within 21 days after service of the responsive pleading

2

or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These five factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

The grant or denial of leave to amend is in the Court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy in favor of granting leave to amend is applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

### III. DISCUSSION

**1. Bad Faith**

A Defendant can show a Plaintiff is acting in bad faith by seeking to prolong the litigation by adding new but baseless theories. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Aside from Republic's objection, Dante argues Federal law permits Plaintiffs to plead allegations and facts in a SAC based on "information and belief." (Doc. No. 34 at 6.) Because Dante is not adding new theories to the SAC, but alleging additional information and facts to clarify theories previously alleged in the original complaint, there are no facts showing Dante is acting in bad faith. (Doc. No. 28. at 4.)

**2. Undue Delay**

The Court in *Cureton v. Nat'l Collegiate Athletic Ass'n* cited its reasons for why Plaintiff's delay was undue: (a) the motion was filed three years after the complaint was filed, (b) the factual information in the proposed amendment was known two and a half years before Plaintiff sought to amend, (c) damage to judicial efficiency, and (d) the interest in the finality of the proceedings would be compromised by the amendment. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273–74 (3d Cir. 2001).

Republic argues in its opposition that Dante is unjustifiably delaying the litigation process because Dante had knowledge of the factual information in the proposed amendment and could have filed the amended pleading at the inception of the case, instead of eight months after the case was initiated. (Doc. No. 31 at 4.) Dante fails to provide a rebuttal to Republic's specific argument, however, Dante's initial amended complaint was filed within three days of the notice of removal to federal court. A period of eight months when compared to three years does not seem like an unreasonable delay, and Dante's initial amended complaint was filed timely, and in accordance with Rule 15(a).

Additionally, it is difficult to justify damage to judicial efficiency, or a compromise of the finality of the proceedings when discovery has not commenced, the parties have not exchanged initial disclosures, and no other substantive activity related to trial proceedings has taken place. (Doc. No. 28 at 7.) Thus, the Court finds no showing of undue delay.

**3. Prejudice to the Opposing Party**

Dante alleges there is no prejudice to defendants because the litigation is at a very early stage, no discovery has commenced, and no trial or related deadlines have been set. (Doc. No. 34 at 7.) Defendants, however, argue there is prejudice because they will be forced to file a third motion to dismiss without ever having its first two motions heard by the Court. (Doc. No. 32 at 3; Doc. No. 31 at 4–5.)

In *Jackson v. Bank of Hawaii*, the District Court determined the amendment was prejudicial because Plaintiff sought to "advance different legal theories and require proof of different facts." *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Here, Dante is not advancing alternate legal theories and the proposed SAC merely contains additional supporting, but not different, facts not alleged in the motions to dismiss. (Doc. No. 34 at 6.)

Further, in deciding whether prejudice to the opposing party exists, courts also evaluate whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

Although neither discovery nor pre-trial motions have commenced, Hawk argues filing a third motion to dismiss would be burdensome because its jurisdiction motion has yet to be heard, and the proposed amendments do not address this issue. (Doc. No. 32 at 4.) However, if required to file a third motion to dismiss, Hawk will not be required to expend *significant* additional resources to do so since the core legal theories upon which the initial amended complaint is based on have not been altered by the SAC. Thus, for the aforementioned reasons, the court finds a weak showing of prejudice to the opposing party.

**4. Futility of Amendment**

A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim or defense. *See Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Republic argues that the SAC is futile because Dante attempts to resurrect its claims for relief against Defendants based on minor discrepancies relating to the date of purchase of registered trademarks. (Doc. No. 31 at 5.) Dante responds that the "date the trademark was obtained is not a required element of such a claim." (Doc. No. 34 at 6.) The Court finds Republic failed to make a sufficient showing of futility based on this claim because the facts, or lack thereof in this instance, support Dante's claim for trademark infringement.

**5. Previously Amended Complaint**

Per Rule 15(a), "a party may amend its pleading once as a matter of course. . . ." Fed. R. Civ. P. 15(a)(1). And if justice so requires, the Court has a liberal standard to uphold

5

in deciding when to grant leave to amend. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Here, Dante asserts that Dante has never been granted leave to amend by this Court, and that Dante availed itself on its right to amend as a matter of course, which is entirely different than being granted leave to amend. (Doc. No. 33 at 6–7.) The Court agrees with Dante's proposition to grant leave because the initial complaint was only amended once as a matter of course.

## IV. CONCLUSION

In sum, the Court finds Defendants will not be prejudiced by permitting Plaintiff to amend his complaint. Because the Court favors granting leave to amend freely, and the factors weigh in favor of amendment, the Court **GRANTS** Plaintiff's motion for leave to amend. (Doc. No. 28.) Plaintiff must file and serve his second amended complaint as a stand-alone document on or before **May 31, 2018**. Accordingly, Hawk's and Republic's dismissal motions are **DENIED AS MOOT** without prejudice. (Docs. No. 17, 19.)

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Anthony J. Battaglia
United States District Judge