# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE VALVE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC BRASS SALES, INC., a California corporation; HAWK VALVE, INC., a Florida corporation; and DOES 2 through 200, inclusive,<br><br>Defendants. | Case No.: 17-cv-2582-AJB-WVG<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, (Doc. No. 38); and**<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE, (Doc. No. 39)** |

Before the Court is Defendant Republic Brass Sales, Inc.'s motion to dismiss and motion to strike. (Doc. Nos. 38, 39.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's dismissal motion, (Doc. No. 38), and **DENIES** Defendant's motion to strike, (Doc. No. 39).

## I. BACKGROUND

Plaintiff manufactures and sells valves which are sold and used for various industrial and military applications. (Doc. No. 28 at 4.) Defendants Republic Brass and Hawk (or HVI) refurbish, resell, and distribute valves for the same purpose. (*Id.*) Authorized distributors are allowed to order and resell Plaintiff's valves to third parties. (*Id.*) Neither Republic nor Hawk are or ever have been authorized distributors for Plaintiff, but they have

allegedly been selling counterfeit valves of Plaintiff by refurbishing them and characterizing them as brand-new, or adding false Dante labels to other valves. (*Id.*)

Plaintiff alleges that its valves adhere to a high standard of reliability and continual performance. (Doc. No. 28 at 4–5.) Plaintiff alleges that Republic's and Hawk's counterfeit valves do not comply with Plaintiff's performance standards. (*Id.* at 5.) Plaintiff also alleges that the counterfeit valves carry with them a high risk of property damage, serious bodily injury, and possibly death. (*Id.*) Plaintiff is further worried the high failure rates of the counterfeit valves might damage Plaintiff's reputation and brand value. (*Id.*)

Plaintiff became aware of Republic and Hawk's business practices around May 2015 when Defendant tried to sell a counterfeit valve to third-party BAE Systems, Inc. (*Id.*) According to Plaintiff, "the valve Republic attempted to sell was approximately twenty-years old, was improperly refurbished by Hawk, and sold for a use for which the valve was never intended." (*Id.*) "The valve in question also included a counterfeit Plaintiff tag, with fabricated information regarding the part number and the serial number of the valve." (*Id.*) Plaintiff discovered the valve was a counterfeit product when BAE contacted Plaintiff to ask questions relating to the specifications of the valve based on the information displayed on the fabricated tag. (*Id.*)

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). The Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party, but is not required to accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a dismissal at this stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (stating a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). In addition, complaints alleging fraud must satisfy Rule 9(b)'s heightened pleading requirements, particularly stating "the time, place[,] and

specific content of the false representations as well as the identities of the parties to the misrepresentation." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

### III. DISCUSSION

Defendant moves to dismiss on six grounds: (1) Plaintiff's complaint fails basic pleading standards; (2) Plaintiff's complaint fails to meet the heightened pleading standard for claims grounded in fraud, (3) Plaintiff fails to state a claim based on Defendant's violation of a registered mark, (4) Plaintiff's trademark infringement claims fail, (5) Plaintiff fails to state a claim for negligence, and (6) Plaintiff fails to state a Business Practices claim. Defendant also filed a request for judicial notice of Plaintiff's three trademark registrations, as searched and documented from the Trademark Electronic Search System of the USPTO. (Doc. No. 38-2.) The Court **GRANTS** that motion. *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (finding that USPTO records can be judicially noticed as to the dates filings and actions occurred).

#### A. Basic Pleading Standards

Defendant argues Plaintiff's complaint "is built almost exclusively on allegations of information and belief," which they argue is disallowed under Federal Rule of Civil Procedure 8. (Doc. No. 38-1 at 9.)

However, district courts in the Ninth Circuit have concluded that so long as there is a plausible foundation to such claims, allegations based on "information and belief" are sufficient to survive dismissal. *See Bernstein v. Health Net Life Ins. Co.*, Case No. 12cv717-AJB(JMA), 2013 WL 12095240, at *4 (S.D. Cal. Apr. 4, 2013) (citing *Hightower v. Tilton*, No. C08-1129-MJP, 2012 WL 1194720, at *3 (E.D. Cal. Apr. 10, 2012) ("facts pled 'on information and belief' can survive a motion to dismiss so long as the plaintiff pleads sufficient facts to make the claims plausible under *Iqbal-Twombly*")). Additionally, when information is within the possession and control of the defendant, Rule 8 permits allegations based on "information and belief." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("pleading facts alleged 'upon information and belief' where the facts

are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 517 (7th Cir. 2015))).

Here, Defendant has exclusive control and possession over its client list and to whom it sold valves. Plaintiff only learned of the solely-pled instance because the customer, BAE Systems, Inc., contacted Defendant with questions. Although it is only one incident, it gives rise to a "plausible foundation" of similar instances. Thus, the Court finds Plaintiff stated a counterfeiting claim despite its failure to allege specific incidents after it registered its marks.

### B. Rule 9(b) Heightened Pleading Requirement

Defendant argues Plaintiff fails to meet Rule 9(b)'s heightened pleading requirements for its claims for counterfeiting, false designation of origin and false representation, and common law trademark infringement. (Doc. No. 38-1 at 12, 17.) As a threshold matter, claims arising under the Lanham Act do not require heightened pleading requirements under Rule 9(b). A central district court stated this year that "[t]here is no case in which the heightened standard has been applied to such trademark counterfeiting claims." *MGA Entertainment, Inc. v. Dynacraft BSC, Inc.*, No. 17-cv-08222-ODW-KS, 2018 WL 2448123, at *3 (C.D. Cal. May 30, 2018). Courts in other districts have come to similar conclusions, such as this Court in the Second Circuit:

> [Defendants] argue that Lanham Act claims necessarily contain some element of fraud, which must be pled with particularity. The Court concludes that this argument is unsupported by case law. No court in this district has ever dismissed a Lanham Act claim for failure to comply with Rule 9(b), nor has the Second Circuit ever held that it should.

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 596 F. Supp. 2d 497, 502 (D. Conn. 2009); *see also Stubbs Collections, Inc. v. Davis*, No. CIV. A. 3–99CV2440–P, 2000 WL 381947, *4 (N.D. Tex. Apr. 14, 2000) (citation omitted) ("A claim of fraud requires not only the making of a false statement but also the intent to defraud the victim. [citation.] However,

likelihood of confusion—the test for infringement under 15 U.S.C. § 1114—does not consider the actor's intent in determining whether infringement has occurred . . . Therefore, a claim of infringement under 15 U.S.C. § 1114 does not constitute a claim subject to the heightened pleading requirements of Rule 9(b).") Given other courts' reasoned decisions, and given Defendant's failure to provide a case law to the contrary, the Court finds Plaintiff's trademark infringement claims are not subject to Rule 9(b) heightened pleading requirements.

However, Plaintiff's claim for false representation meets a different fate. "Although the Ninth Circuit has [never addressed the issue of whether] Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims." *See Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F. Supp. 2d 1214, 1219–20 (E.D. Cal. 2005). Here, Plaintiff's false representation claim is grounded in fraud, and therefore must meet Rule 9(b). To satisfy Rule 9(b), Plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, Plaintiff pled at least one instance of fraud. In May 2015, "Republic asked HVI to produce a counterfeit Dante Valve bearing unauthorized copies of the Dante Marks, which Republic in turn sold, or attempted to sell to BAE Systems, Inc. for use in a United States Navy vessel." (Doc. No. 37 ¶ 27.) This sufficiently establishes the identities of the parties to the false representations, the time and place of the fraud, what the misrepresentations contained, and why it was false. As such, the Court finds Plaintiff met Rule 9(b)'s requirements.

### C. Counterfeiting and Infringement of a Registered Mark

Defendant argues "Dante's first two claims for relief [counterfeiting and infringement on a registered mark]" are unsupported because Plaintiff fails to allege "the date when these marks were registered." (Doc. No. 38-1 at 11.) Defendant argues Plaintiff

5

did not register its marks until January 3, 2017, and the complaint fails to allege any misconduct beyond November 2016. (Doc. No. 38-1 at 11–12.) In response, Plaintiff asserts they have pled not only concrete acts of counterfeiting, but also that Defendant is continuing to counterfeit its valves. (Doc. No. 46 at 12.) The complaint does only offer "one concrete example of counterfeiting" which occurred around May 2015. (Doc. No. 37 ¶ 27.) Plaintiff further alleges it "has been informed of other counterfeit Dante Valves that both Defendant and HVI have sold to third parties. . . ." (*Id.* ¶ 29.) Plaintiff also pleads there are other occasions of counterfeiting and that Defendant continues to counterfeit its valves. (*Id.* ¶¶ 33, 35, 46.)

Defendant again rests on the argument that Plaintiff cannot plead on information and belief. However, as the Court states *supra*, pp. 3–4, Plaintiff can plead on information and belief when it believes the information is within Defendant's sole possession. Because Plaintiff has shown at least one specific incidence of counterfeiting, the allegations in the complaint survive Rule 8.[1]

Finally, Defendant argues that Plaintiff's second cause of action is untrue because Plaintiff did not register its mark until November 2016, and the alleged sale occurred in May 2015. (Doc. No. 38-1 at 13–14.) Plaintiff's responds by stating that once the mark was registered, presumption of ownership dates back to when the application was filed, which was September 2015. (Doc. No. 46 at 16.) While that does not cure this specific incident, Plaintiff argues they pled "on other occasions, [Republic] sold counterfeit Dante Valves containing false and infringing copies of the Registered Marks purporting to be genuine Dante products." (*Id.* (quoting SAC ¶ 46).) Taking these statements as true, Plaintiff has pled enough facts plausibly stating a claim under infringement of a registered

---

[1] Defendant also argues Plaintiff may "attempt to resurrect its previous pleadings" regarding other counterfeiting theories. (Doc. No. 38-1 at 12–13.) However, once a complaint is dismissed, "a plaintiff waives all claims . . . not realleged in an amended complaint." *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

mark. Defendants arguments surrounding consumer confusion will be addressed below. (Doc. No. 38-1 at 14.)

### D. Trademark Infringement, False Designation of Origin and False Representation, Common Law Trademark Infringement, and Unfair Competition

Defendant also argues the following claims fail to state a claim for relief: false designation of origin, common law trademark, trademark infringement, and unfair competition. The Court analyzes these claims together for the purposes of this Motion. "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) (citing *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979)); *see also Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same"). A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6 (9th Cir. 1999) (citing 15 U.S.C. §§ 1114(1) & 1125; *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979)). Furthermore, the Ninth Circuit "has consistently held that state common law claims of unfair competition . . . are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (citing *Academy of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991)).

Defendant's arguments regarding each of these causes of action essentially assert Plaintiff failed to allege a protectable interest in its mark and failure to show consumer confusion—the two essential elements under the Lanham Act. To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party "must prove: (1)

7

that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006).

### 1. Protectable Ownership Interest in a Mark

Defendant asserts that the *Hanginout, Inc. v. Google, Inc.* standard is the appropriate standard to use here. 54 F. Supp. 3d 1109, 1118 (S.D. Cal. 2014). However, that standard is only used "in the absence of a federal registration." *Id.* Plaintiff states that they applied for a registered mark in September 2015, after the incident with the BAE valve, and had their registrations approved on November 2016 and January 2017. (Doc. No. 38-2 at 5, 7, 9.) Presumption of ownership dates back to the federal registration application filing date. *Sengoku Works Ltd. V. RMC Intern., Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). Thus, while Plaintiff did not allege any specific acts post-September 2015, Plaintiff did allege incidents based on information and belief, which the Court stated was sufficient. Plaintiff also alleged specifically assertions of fraud post-September 2015.

The appropriate standard, rather, states that "[r]egistration of a mark 'on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services, specified in the registration.'" *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) (quoting *Brookfield Commc'ns v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999)). While it is unlikely the BAE incident shows infringement based on the facts known to the Court at this time, other incidents very well might. The Court acknowledged Defendant's position and notes that it is a close call. However, keeping in mind that pleading on information and belief is permitted, that the plausibility standard is low, and that all reasonable inferences must be drawn in favor of Plaintiff, the Court finds that Plaintiff has adequately pled this element.

### 2. Consumer Confusion

Defendant also argues that the second element, consumer confusion, has not been adequately alleged. (Doc. No. 38-1 at 16.) Courts use the eight factors listed in *Sleekcraft*

8

to evaluate the likelihood of confusion: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979); *see Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2007). The Court need not, however, analyze the *Sleekcraft* factors at this time because a plaintiff, "is not required to prove the likelihood of confusion at the pleading stage." *Visual Changes Skin Care Int'l, Inc. v. Neways, Inc.*, No. CV F 08–0959 LJO DLB, 2008 WL 4723603, at *4 (E.D. Cal. Oct. 24, 2008).

Defendant complains that Plaintiff's allegations are "formulaic," and thus fail the pleading standard, pointing to a case from our district for support. (Doc. No. 38-1 at 14.) In that case, the Court found that the plaintiff failed to plead consumer confusion, writing

> Plaintiffs have merely asserted a recitation of an element of trademark infringement and have not provided any facts to plausibly state an allegation that the public is likely to be confused by the marketing of Defendant's product. In fact, Plaintiffs do not even specify which of Defendant's products is utilizing their trademark and which product is likely to cause consumer confusion.

*Yaros v. Kimberly Clark Corp.*, No. 17CV1159-GPC(BGS), 2018 WL 1744675, at *3 (S.D. Cal. Apr. 11, 2018). However, another court found that pleading the following was sufficient to survive a motion to dismiss:

> 1. "Neways, with notice of Plaintiff's ownership of the trade mark RESURRECTION, markets and sells a skin moisturizing product under the name "Resurrection Biomist" and/or the name "Neways Resurrection Biomist" ... within the United States without the permission of Plaintiff";
>
> 2. "Plaintiff's common law rights in the RESURRECTION mark are superior to Defendant's rights, if any, in the names "Resurrection Biomist" and/or "Neways Resurrection Biomist," for at least the reason that Plaintiff first made a trademark use of the RESURRECTION mark prior to the first use by Defendant Neways of the term "Resurrection Biomist" and/or "Neways

9

Resurrection Biomist" and Plaintiff has used the mark RESURRECTION continuously since that first trademark use"

*Visual Changes Skin Care Int'l, Inc.* 2008 WL 4723603, at *6 (quoting the complaint).

Here, Plaintiff has provided more than mere recitation of the elements and more than given in *Visual Changes Skin Care*. Plaintiff provided a specific factual instance of when a consumer was likely confused—when BAE contacted Plaintiff regarding a valve BAE purchased from Defendant with counterfeit Dante Valve tags on it. (Doc. No. 37 ¶ 27.) This example, coupled with Plaintiff's reliance on "information and belief" is enough to pass Rule 8's pleading standard. *See Yaros v. Kimberly Clark Corp.*, No. 17CV1159-GPC(BGS), 2018 WL 3729520, at *6 (S.D. Cal. Aug. 6, 2018) ("On a motion to dismiss, the Court determines whether the SAC alleges a cause of action for trademark infringement, false designation of origin and false description of goods under Rule 8's pleading standard. Under Rule 8, Plaintiffs need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8)); *Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 984 (D. Minn. 2011) ("Claims pleaded 'on information and belief" are sufficient under Rule 9(b) if they are accompanied by a statement of the facts on which the belief is based."). Should it come to light later in litigation that Plaintiff's reliance on "information and belief" type-pleading was specious, Defendant's remedy is in the form of a Rule 11 motion for sanctions.

Nevertheless, the Court finds Plaintiff has plausibly pled this element. Because the Court finds Plaintiff has sufficiently pled both elements, the Court finds Plaintiff has stated a claim for Trademark Infringement, False Designation of Origin and False Representation, Common Law Trademark Infringement, and Unfair Competition.

### E. Resale Defense

Defendant argues that the genuine resale of the original merchandise is not trademark infringement. (Doc. No. 38-1 at 17–18.) However, that argument misses the theory of Plaintiff's case. Plaintiff is not alleging that Defendant was reselling its products. Plaintiff alleges that Defendant took valves from other manufacturers, or refurbished

unauthorized valves, and put counterfeit Dante labels on them. Thus, Defendant would not be engaged in the sale of "a genuine article bearing a true mark. . . ." *SoftMan Prod. Co., LLC v. Adobe Sys., Inc.*, 171 F. Supp. 2d 1075, 1092 (C.D. Cal. 2001).

**F.     Negligence**

Finally, Defendant asserts Plaintiff does not state a claim for negligence. (Doc. No. 38-1 at 18–19.) Specifically, Defendant disputes that it had a duty "to ensure that any valves procured for resale were actual Dante valves." (*Id.* at 19.) Defendant also argues that the "economic loss doctrine" "precludes the finding of any duty of care owed by Republic to Dante." (*Id.*) As to the second point, the economic loss rule generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages. *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."). California's economic loss rule has exceptions that fall into two broad categories. The first category applies to products liability cases, where the California rule first arose. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 991 n.7 (2004).

California's economic loss rule has a second category of exceptions for breach of a noncontractual duty. These exceptions require the breach of a tort duty apart from the general duty not to act negligently. *Id.* at 988. Indeed, "[i]f every negligent breach of a contract gives rise to tort damages, the [rule] would be meaningless, as would the statutory distinction between tort and contract remedies." *Id.* at 990 (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, at 553–54 (1999)). Thus, the California Supreme Court emphasizes that courts should "focus[ ] on" intentional conduct when considering whether to allow an exception to the rule. *Id.* That Court has likewise admonished courts to "comprehensively [] consider the implications of their holdings" before allowing tort claims to invade contractual relationships. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 688 (1988).

California courts have found exceptions to the economic loss rule in the noncontractual duty category where the conduct also (1) breaches a duty imposed by some types of "special" or "confidential" relationships; (2) breaches a "duty" not to commit

11

certain intentional torts; or (3) was committed "intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." *Robinson Helicopter*, 34 Cal.4th at 990 (citing and quoting *Erlich*, 21 Cal. 4th at 553–54,).

Plaintiff asserts the economic loss doctrine is inapplicable, however, it does apply because Plaintiff alleged purely economic recovery under a negligence theory. (Doc. No. 37 ¶ 80.) Plaintiff then argues that the third exception applies because Defendant "***knowingly*** offered for sale . . . a counterfeit Dante valve containing a false Dante valve tag." (Doc. No. 46 at 24.) Plaintiff also states that "Republic knew that selling counterfeit valves would cause substantial consequential harm to the manufacturer of said valves, Dante. . . ." (*Id.*) The only support for this argument Plaintiff can point to in the complaint is the incident with BAE. (Doc. No. 37 ¶ 27.) Plaintiff also references elsewhere in the complaint that Defendant acted knowingly. (*Id.* ¶¶ 42, 46, 55, 57.) However, these allegations do not arise to the level of knowledge needed under the exception—"severe, unmitigable harm in the form of . . . substantial consequential damages." *Robinson Helicopter*, 34 Cal. 4th at 990. Common sense can dictate that if the allegations in the complaint are true, it is likely Defendant had such knowledge, but common sense is not the standard by which the Court screens complaints. Accordingly, the Court finds the economic loss doctrine bars Plaintiff's negligence claim and dismisses it without prejudice, but also without leave to amend.

While leave to amend is to be "freely given," Fed. R. Civ. P. 15(a), the Ninth Circuit has stated a district court has broad discretion when "[a] plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims. . . ." *Anderson v. Peregrine Pharm., Inc.*, 654 F. App'x 281, 282 (9th Cir. 2016) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009)). Defendant raised the economic loss doctrine in its first dismissal motion, (Doc. No. 3-2 at 12–13), and in the amended complaint Plaintiff still only pled economic damages. (Doc. No. 11 ¶¶ 52, 53 (alleging $1,000,000 in harm and lost profits).)

Then in Defendant's second dismissal motion, Defendant raised the same argument. (Doc. No. 17-1 at 16–17.) Before the Court could rule on that motion, Plaintiff sought leave to amend and the Court granted it. (Doc. No. 36.) Plaintiff filed the operative second amended complaint, and still failed to address the economic doctrine bar. Accordingly, the Court **DENIES** granting leave to amend as to this claim only.

## IV. MOTION TO STRIKE

Defendant filed a motion to strike under Fed. R. Civ. P. 12(f). (Doc. No. 39.) The basis of Defendant's motion is to strike all "information and belief" allegations in the complaint. (Doc. No. 39-1 at 3.) However, as discussed *supra*, pp. 3–4, 6, 8, and 10, the Court has permitted information and belief pleading in this case and found that Plaintiff made a thin, but factual showing for such pleading. Defendant also seeks to strike Plaintiff's damages allegations arguing Defendant did not have notice of the trademark prior to when the mark was registered—January 3, 2017. (*Id.* at 4–5.) Plaintiff argues that, again, it pleaded knowledge based on information and belief. (Doc. No. 47 at 7 (citing Doc. No. 37 ¶ 36).) Whether or not Defendant indeed had such knowledge is not for the Court to decide at this stage. Accordingly, the Court **DENIES** Defendant's motion to strike. (Doc. No. 39.)

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss. (Doc. No. 38.) The Court only **GRANTS** the motion to dismiss with regards to Plaintiff's negligence claim and **DENIES** on all other grounds. The Court also **DENIES** Defendant's motion to strike. (Doc. No. 39.)

**IT IS SO ORDERED.**

Dated: March 28, 2019

Hon. Anthony J. Battaglia
United States District Judge